# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Bayer, A.G., Bayer corporation, Bayer Healthcare
AND DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Breeana Steen

| FOR COURT USE ONLY |
| *(SOLO PARA USO DE LA CORTE)* |

**FILED**
Superior Court of California
County of Los Angeles

**AUG 0 8 2014**

Sherri R. Carter, Executive Officer/Clerk
By _M. Soto_, Deputy
Moses Soto

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | CASE NUMBER: *(Número del Caso):* **BC 554305** |
|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):*
111 N. Hill Street
Los Angeles, CA 90012-3014

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ilana Doust, ESQ (SBN 250270) 468 N. Camden Dr.
Suite 288 Beverly Hills, CA 90210

**DATE:** *(Fecha)* **AUG 0 8 2014**    Clerk, by _M. Soto_, Deputy
SHERRI R. CARTER *(Secretario)*    M. Soto *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL — SUPERIOR COURT LOS ANGELES COUNTY CALIFORNIA]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

90043
A7260

1  ILANA DOUST, ESQ. (SBN 250270)
   DOUST LAW
2  Attorneys At Law
   468 North Candem Drive, Suite 288
3  Beverly Hills, California 90210
   Telephone: (310) 927-5173
4  Facsimile: (310) 928-4091
5  idoust@sbcglobal.net

6  Attorney for Plaintiff
7  Breeona Steen

**FILED**
Superior Court of California
County of Los Angeles

AUG 0 8 2014

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
        Moses Soto

D-91  GREGORY KEOSIAN

8           SUPERIOR COURT (UNLINITED JURISDICTION)
9                  COUNTY OF LOS ANGELES

13  BREEONA STEEN as a individual,          CASE NO.    **BC 5 5 4 3 0 5**

14              Plaintiff,                  COMPLAINT FOR DAMAGES

15        vs.                              1. Strict Liability- Failure to Warn

16  BAYER, A.G; BAYER                      2. Strict Liability- Manufacturing Defect
    CORPORATION; BAYER
17  HEALTHCARE AND DOES 1 through          3. Negligence
    100, Inclusive,
18                                         4. Breach of Express Warranty
                Defendants
19                                         5. Breach of Implied Warranty

20                                         6. Deceit by Concealment-

21                                         California *Civil Code §§ 1709, 1710*

22                                         7. Negligence Per Se

23                                         8. Negligence Misrepresentation

24                                         9. Unfair Business Practice

25                                         10. False Advertising

26                                         11. Violation of *business & Professions Code*

27                                         *§§ 17500 en seq*

28                                              1

Complaint

RECEIPT #: CCH524860135
DATE PAID: 08/08/2014
PAYMENT: $435.00
RECEIVED:
  CHECK:
  CASH:
  CHANGE:
  CARD:
04:25 PM
310
$0.00
$0.00
$0.00
$435.00
CIT/CASE:
LEH/DEF#:   BC554305

12. Punitive Damages

**DEMAND FOR A JURY TRIAL**

<u>**FACTS**</u>

Plaintiff Breeona Steen brings this Civil Action for injuring resulting from the ingestion of the pain-relieving drug marketed in the United States under the name BABY ASPIRIN ("Aspirin"). Aspirin has been linked to more than thousands of incidents of Reye syndrome worldwide. Reye syndrome is a potentially fatal disease that has numerous detrimental effects to many organs, especially the brain and liver. The disease causes fatty liver, sever encephalopathy (with swelling of the brain), and kidney failure. For years, Bayer was knew or should have known that the use of "baby aspirin" is leading to Reye Syndrome in children and adolescents. Bayer was presented with letters and documentation from Reye's Syndrome parents, survivors, medical doctors, and school nurses, yet still refused to change the packaging or labeling or withdraw the Baby Aspirin product. The Centers for Disease Control and Prevention (CDC), the U.S. Surgeon General, the American Academy of Pediatrics (AAP) and the Food and Drug Administration (FDA) recommend that Aspirin and combination products should not be consumed by children under 19 years of age. Bayer was and has been aware of the risks of Reye Syndrome, even if the child or adolescent is not recovering from chickenpox or flu-like symptoms. In 2012, Defendants finally withdrew Baby Aspirin from the market. However, the withdrawal from the market came far too late for the Plaintiff, who suffered injuries as a result of ingesting Baby Aspirin.

<u>**PARTIES**</u>

1.      Plaintiff Breeona Steen is a resident of the Los Angeles County, California, who took Baby Aspirin in 2012 and was injured as a result. As a result of injection of

2

this product, the plaintiff is suffering from Reye Syndrome and has become brain damaged and paralyzed.

2.      Defendant Bayer A.G. is a global diversified chemical company with its headquarters based in Leverkusen, Germany. The research, development, formulation, manufacture, marketing and sales of pharmaceuticals including Baby Aspirin compromise more than 30% of Bayer A.G.'s worldwide business. Bayer A.G. manufactured, marketed and distributed Baby Aspirin worldwide.

3.      Defendant Bayer Corporation is an Indiana corporation, which is a wholly owned subsidiary of Defendant Bayer A.G., with its principal place of business at 100 Bayer Road, Pittsburgh, PA 15205.

4.      BAYER HEALTHCARE is a corporation, form unknown, with its principle place of business in 800 Dwight Way, Berkeley, California 94710. Bayer's rich history in Berkeley, California extends back more than 100 years. At all times relevant hereto, defendant Bayer Healthcare was engaged in the business of researching, designing, testing, licensing, assembling, manufacturing, inspecting, labeling, distributing, selling, warranting, marketing, promoting, advertising, and/or introducing the product Baby Aspirin into interstate commerce, either directly or indirectly through third parties or related entities.

5.      At all times relevant to this action, Bayer Corporation and Bayer A.G. shared many of the same officers and directors. The drug was marketed and distributed in the United States by Bayer Corporation and was manufactured by Bayer A.G.

2

6.        There exists, and at all times mentioned there existed, a unity of interest in ownership between Bayer A.G., Bayer Corporation, and Bayer Healthcare such that any individuality and separateness between them has ceased and these Defendants are alter-egos of one another and exerted control over each other. At all times pertinent to this matter, they shared officers and directors and made all decision in a uniform voice. Adherence to the fiction of the separate existence of these certain Defendants as entities distinct from one another will permit an abuse of the corporate privilege, would sanction fraud and promote injustice. Hereinafter, Bayer A.G., Bayer Corporation, and Bayer Healthcare will be referred to collectively as "Bayer."

7.        Does 1 through 100, and each of them, acted independently of, or jointly with, other Defendants, and are all in some manner legally responsible for the events and happenings herein referred to, and caused damages proximately and foreseeable to Plaintiff as alleged herein.

8.        At all times herein alleged, the offers and directors of the Defendants named herein participated in, authorized and directed the production and promotion of the Baby Aspirin and thereby actively participated in the tortious conduct which resulted in the injuries suffered by Plaintiff.

9.        Plaintiff has reviewed her potential legal claims and causes of action against the Defendants and has intentionally chosen only to peruse claims based on state-law. Any reference to any federal agency, regulation or rule is states solely as background

3

Complaint

information and does not raise a federal question. Plaintiff has chosen to only pursue claims based on state-law and are not making any claims that raise federal questions. Bayer Corporation is, among other things, a California resident corporation with its principal place of business in California, the sole supplier and distributor of the Baby Aspirin in California, the supplier of the Baby Aspirin product that caused Plaintiff's injuries as alleged herein and said Defendant's liability to Plaintiff herein is so intertwined with the liability of the other Defendants herein including, but not limited to, Bayer Corporation; Bayer Healthcare; Bayer Pharmaceuticals Corporation; Bayer Healthcare Pharmaceuticals Inc, and Bayer AG, that no claims arising out of use of the Baby Aspirin product can be severed or removed. Accordingly, Plaintiff contends that California State jurisdiction and venue is proper.

## FIRST OF CAUSE ACTION

## STRICT PRODUCTS LIABILTY- IN TORT (FAILURE TO WARN)

10.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further allege as follows:

11.    Defendants are manufacturers and/or supplier of Baby Aspirin.

12.    The Baby Aspirin manufactured and/or supplied by defendants was not accompanied by proper warnings to physicians and the medical community and consumers regarding all the possible adverse side effects associated with the use of Baby Aspirin and the comparative severity and duration of such adverse effects.

4

13.     The warnings information, packaging and labeling given to the medical community and consumers did not accurately reflect the symptoms, scope or severity of the potential side effects.

14.     Defendants failed to perform adequate testing in that adequate testing would have shown that Baby Aspirin possessed serious potential side effects with respect to which full and proper warnings information, packaging and labeling accurately and fully reflecting symptoms, scope and severity should have been made.

15.     The Baby Aspirin manufactured and/or supplied by defendants was defective due to inadequate post-marketing warning or instruction because after defendants knew or should have known the risk of injury and death from Baby Aspirin,

16.     Had adequate warnings or instructions been provided, Plaintiff would not have suffered Baby Aspirin's harmful side effects.

17.     As the direct and legal result of the defective condition of Baby Aspirin as manufactured and/or supplied by defendants, and of the negligence, carelessness , other wrongdoing and actions of defendants described herein:

a.     Plaintiff was injured in health, strength and activity and suffered injuries to body and mind, and became brain damaged and paralyzed.

b.     Plaintiff suffered income loss;

c.     Plaintiff has required reasonable and necessary health care, attention and service and did and continues to incur medical, health incidental and related expenses.

## SECOND CAUSE OF ACTION

## STRICT LIABILITY IN TORT- MANUFACTURING DEFECT

5

18.     Plaintiff reallege and incorporate herein by reference and forgoing paragraphs of this Complaint and further state as follows:

19.     At all times material hereto, Defendants, and each of them, are and were the manufacturers, distributers, and suppliers of baby Aspirin. This product reached Plaintiff without any substantial change in its condition upon leaving the Defendants.

20.     Aspirin product used by Plaintiff during the aforementioned time period contained defects in its manufacture. Said defects in Baby Aspirin existed at the time Baby Aspirin left the possession and control of the defendants. The defects resulted in a product that was not in conformity with the manufactures' intended result and manufacturing specifications for Baby Aspirin and at all times material hereto, Baby Aspirin was designed, tested, inspected, manufactured assembled, developed, labeled, packaged, sterilized, licensed, marketed, advertised, promoted sold, packaged, supplied and or distributed by Defendants in a defective and unreasonably dangerous condition in ways which, include, but are not limited to, one or more of the following:

a.     When placed in the stream of commerce Baby Aspirin contained unreasonably dangerous manufacturing defects and was not reasonably safe and fit for its intended or reasonably foreseeable purpose or as intended to be used, thereby subjecting users and/or consumers of the drug, including Plaintiff, to risks which exceeded the benefits of Baby Aspirin;

b.     Baby Aspirin was insufficiently tested;

c.     Baby Aspirin caused harmful side effects that outweighed any potential utility;

6

d.      Baby Aspirin was not accompanied by adequate labeling or instructions for use to fully apprise the medical, pharmaceutical and or scientific communities and or consumers of the drug including the Plaintiff of the potential risks and serious side effects associated with the use:

e.      In light of the potential and actual risk of harm associated with Baby Aspirin use, a reasonable person who had actual knowledge of this potential and actual risk of harm would have concluded that the Baby Aspirin should not have been marketed in that condition.

21.     At all relevant times, the defects in Baby Aspirin caused the product to fail during the time that Plaintiff used it, as described above. This failure caused Plaintiff to suffer injuries, pain, suffering, distress, and other injuries and sequel associated with the Injuries.

22.     As the proximate cause and legal result of the defective condition of Baby Aspirin as manufactured, designed and supplied by Defendant and as a direct and legal result of the negligence, carelessness, other wrongdoing and actions of the Defendant as described herein Plaintiff has sustained permanent physical injuries. These injuries have caused and will continue in the future to cause pain and suffering disabilities and emotional distress to Plaintiffs'. Said injuries have substantially reduced Plaintiff's ability to enjoy life, all to Plaintiff's general damages.

**THIRD CAUSE OF ACTION**

**NEGLIGENCE**

7

Complaint

23.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further allege as follows:

24.     Defendant had a duty to exercise reasonable care in the manufacture; sale and/or distribution of Aspirin product assure that the product into the stream of commerce, including a duty to assure that the product did not cause users to suffer from unreasonably dangerous side effects. Defendant failed to exercise ordinary care in the manufacture sale, testing, quality, assurance quality control, and/ or distribution of Baby Aspirin into interstate commerce in that defendants knew or should have know that the product Baby Aspirin crated a high risk of unreasonably dangerous side effects, some which can be fatal.

25.     Defendant was negligent in the design, manufacture, testing, advertising, warning, marketing and sale of Baby Aspirin in that they:

a.      Failed to use due care in designing and manufacturing Baby Aspirin so as to avoid the aforementioned risks to individuals when Baby Aspirin I was prescribed:

b.      Failed to accompany their product with proper warnings regarding all possible adverse side effects associated with the use of Baby Aspirin and the comparative severity duration of such adverse effects: the warnings, packaging, and labeling given did not accurately reflect to accompany their product with proper warnings regarding all possible side effects associated with the use of Aspirin.

c.      Failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of Baby Aspirin and failed to properly report the results of their clinical trials and studies;

8

Complaint

d.      Failed to provide adequate information to medical care providers and consumers for appropriate use of Baby Aspirin.

e.      Failed to adequately test and/ or warn about the reaction of interaction of Baby Aspirin.

f.      Continued to promote the safety of Baby Aspirin despite growing knowledge of adverse side effects associated with the use of the drug.

g.      Delayed warning of and failed to provide adequate warning about the adverse symptoms, thereby depriving medical providers and consumers of the ability to assess risks, advise and monitor patients and properly monitor, diagnose and treat adverse reactions in patients like and including Plaintiff and

h.      Were otherwise careless or negligent.

26.      Despite the fact that the defendant knew or should have known that Baby Aspirin caused unreasonably dangerous side effects which many users would not be able to remedy by any means, defendants continued to market Baby Aspirin use to consumers including Plaintiff, when there were safer alternative methods of pain management.

27.      Defendant knew or should have know that it was foreseeable that consumers such as Plaintiff would suffer injury as a result of defendant's failure to exercise ordinary care as described above,

28.      As the direct and legal result of the defective condition of Baby Aspirin manufactured, marketed, promoted, delivered and or supplied by defendants and the negligence, carelessness, other wrongdoings described herein.

9

a.      Plaintiff was injured in health, strength and activity and suffered injuries to

body and mind. Plaintiff suffered economic loss

b.      Plaintiff required and continues to require reasonable and necessary health

care, attention and services and did incur and continues to incur medical health,

incidental and related expenses.


## FOURTH CAUSE OF ACTION

## BREACH OF WARRANTY EXPRESS

29.      Plaintiff incorporates by reference all preceding paragraphs as id fully set

forth here and further allege as follows:

30.      Defendants expressly warranted that Baby Aspirin was safe and well tolerated

by patients.

31.      Baby Aspirin did not conform to these express representations because Baby

Aspirin is not safe and has serious side effects, including life threatening side effects.

32.      As a direct and proximate result of the breach of said warranties, Plaintiff

suffered and continues to suffer injuries, harm and economic loss.

33.      As direct and legal result of the defective condition of Baby Aspirin as

manufactured an/or supplied by the defendant and of the breach warranties other

wrongdoing defendant described herein:

a.      Plaintiff was injured in health, strength and activity and suffered injuries to

body and mind,

b.      Plaintiff suffered economic loss;

10

Complaint

c.     Plaintiff required, and continues to require reasonable and necessary health care, attention and service and did incur medical, health, incidental and related expenses.

## FIFTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

29, Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further allege as follows:

34.     At the time the defendant marketed, sold, and distributed Baby Aspirin for use by consumers such as Plaintiff, defendant knew of the use for which Baby Aspirin was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

35.     Contrary to such implied warranty, Baby Aspirin and its use in combination with gemfibrozil were not of merchantable quality or safe for fit its intended use because the products were and are unreseasonably dangerous and unfit for the ordinary purposes for which it was use as described above.

36.     As a direct and proximate result of the breach of implied warranty, Plaintiff suffered harm and economic loss.

37.     As the direct ad legal result of the defective condition of Baby Aspirin as manufactured and/ or supplied by defendant and of the breach implied warranty, other wrongdoing of the defendant herein:

11

a. Plaintiff was injured in health, strength and activity and suffered injuries to body and mind.

b. Plaintiff suffered income loss;

c. Plaintiff has required reasonable and necessary health care, attention and service and did and continues to incur medical, health incidental and related expenses.

## SIXTH CAUSE OF ACTION

## DECEIT BY CONCEALMENT CALICFORNIA *CIVIL*

## *CODE §§ 1709, 1710*

38. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs of this complaint and further states as follows:

39. The defendant from the time Baby Aspirin was first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed and up to the present willfully deceived the Plaintiff by concealing from the Plaintiff and the general public the true facts concerning the Baby Aspirin, which the Defendant had a duty to disclose.

40. At all times relevant hereto, the Defendant conducted sales and marketing campaign to promote the sale of Baby Aspirin, and willfully deceived Plaintiff and the general public the true facts concerning Baby Aspirin, which the Defendant had a duty to disclose.

12

41.   At all times relevant hereto, the Defendant conducted sales and marketing campaign to promote the sale of Baby Aspirin and willfully deceived the Plaintiff and the general public as to the health risks and consequences of the use of Baby Aspirin. Defendant was aware of the foregoing that Baby Aspirin was not safe, fit and effective for human consumption. Furthermore, Defendants were aware that the use of Baby Aspirin was hazardous to health and that it has significant propensity to cause serious injuries to users including but not limited to the injuries suffered by Plaintiff as described herein.

42.   Defendants intentionally concealed and surpassed the true facts concerning Baby Aspirin with the intent to defraud Plaintiff in that Defendant knew that the Plaintiff physicians would not have prescribed Baby Aspirin and the Plaintiff would not have used Baby Aspirin is the Plaintiff had known the true facts concerning the dangers of Baby Aspirin.

43.   As a result of the foregoing fraudulent and deceitful conduct by the Defendant the Plaintiff suffered injuries and damages as described above.

## SEVENTH CAUSE OF ACTION

## NEGLIGENT PER SE

44.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further allege as follows.

45.   At all times herein, mentioned the Defendant had an obligation not to violate the law in the manufacture, design, formulation, compounding, testing, production,

13

processing, assembly, inspection, research, distribution, marketing, labeling, packaging, preparation for use, sale and warning of the risks and dangers of the aforementioned product.

46.   At all times herein mentioned, Defendant violated the Federal Food, Drug and Cosmetic Act 21 U.S.C. Section 301, et seq., related amendments and coded federal regulations provided there under, the Sherman Food, Drug and Cosmetic Law, California Health and Safety Code Sections 110290,110390,112395,110398,110400 and 111330, and formerly sections 26400,26460,26461,26461.5,26462,26630 et seq., California civil Code Sections 1750,1790, et seq. and regulations promulgated thereunder, and other applicable laws, statutes and regulations.

47.   Plaintiff as a purchaser and consumer of the products are within the class of persons the statues and regulations described above are designed to protect and plaintiff injuries are the type of harm these statues are designed to prevent.

48.   Defendants failed to meet the standard set of care set by the following statues and regulations, which were intended for the benefit of individuals such as Plaintiff making Defendant negligent per se:

a.   The labeling lacked adequate information on the use of Baby Aspirin, even though defendant was aware of the widespread use of Baby Aspirin [21 C.F.R. Section 201.56 (a) and (d)]

b.   The labeling lacked adequate information on the approximate kind, degree and duration of degree of expected improvement, alone or in combination in violation of 21 C.F.R. Section 201.57 (c) (3) (i).

14

c.   The labeling did not state that there was a lack of evidence to support the common belief of the safety and advocacy of Baby Aspirin [21 C.F.R/ 201.57 (c) (3) (i) and (iv) and © (20]

d.   There was inadequate information for patients for the safe and effective use of Defendant's drugs, in violation of 21 C.F.R. 201.57 (f) (12).

e.   There was inadequate information regarding special care to be exercised by the doctor for safe and effective use of defendant's drugs in violation of 21 C.F.R. 201.57 (f) 1.

f. The labeling was misleading and promotion violation of 21 C.F.R. 201.56 (b).

g.   The labeling was misleading in violation of California Health and safety Codes Section 11130 and 110290.

h.   Defendants advertising and representations regarding the subject drug product were false and misleading in violation of Health and Safety Code Sections 10390 and 110290 and Civil Code Section 1170 (a) (5).

49.   As a direct and proximate result of the breach of implied warranty, Plaintiff suffered harm and economic loss.

50.   As the direct and legal result of the defective condition of Baby Aspirin as manufactured and/or supplied by defendants and of the breach of implied warranty other wrongdoings of defendants described herein:

15

a.  Plaintiff as injured in health, strength and activity and suffered injuries to body
and mind.

b.  Plaintiff suffered income loss;

c.  Plaintiff has required reasonable and necessary health care, attention and
service and did and continues to incur medical, health incidental and related
expenses.

## EIGHTH CAUSE OF ACTION

## NEGLIGENCE MISINTRPRETATION

51.  Plaintiff incorporates by reference all preceding paragraphs as if fully set forth
here and further allege as follows:

52.  The defendant from the time that the aforementioned products were first
manufactured and marketed and distributed and up to the present made false
misrepresentations as previously set forth herein to Plaintiff, general public
including, but not limited to the misrepresentation that said pharmaceutical product
was safe fit and effective for human consumption. All times herein mentioned
Defendant conducted sales and marketing campaign to promote the sale of the
aforementioned drug products and willfully deceive Plaintiff and general public as to
the health risks and consequences of the use of the aforementioned products.

53.  The Defendant made the foregoing representation without any reasonable ground
for believing them to be true. There representations were made directly by the
Defendant by sales representatives and other authorized agents of said Defendant
and in publications and other written materials directed to physicians, medical

16

patients and the public with the intention of inducing reliance and the prescription, purchase and use of subject products.

54.   The foregoing representations by the Defendants and each of them were in fact false in that the aforementioned products were not same fit and effective for human consumption the use of said products is hazardous to health and said products have serious injuries to users, including but not limited to the injuries suffered by Plaintiff as delineated herein.

55.   The foregoing representations by defendant were made with the intention of inducing reliance and prescription purchase and use of the subject products.

56.   In reliance on the misrepresentations by the Defendants and each of them Plaintiff was induced to purchase and use of the aforementioned products. If Plaintiff had known of the true facts and the facts concealed by the Defendants, Plaintiff would not have used the subject products. The reliance of Plaintiff upon Defendants' misrepresentations was justified because such misrepresentations were made and conducted by individuals and entities who were in a position to know the true facts.

57.   As a direct and proximate result of the breach of implied warranty, Plaintiff suffered injuries, harm and economic loss.

58.   As the direct and legal result of the defective condition of Baby Aspirin as manufactured and/or supplied by defendants and of the breach of implied warranty other wrongdoings of defendants described herein:

17

Complaint

a.  Plaintiff as injured in health, strength and activity and suffered injuries to body and mind.

b.  Plaintiff suffered income loss;

c.  Plaintiff has required reasonable and necessary health care, attention and service and did and continues to incur medical, health incidental and related expenses.

### NINTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICE- VIOLATION OF BUSINESS AND PROFESSION CODE SECTION 17200

59.  Plaintiff incorporates by reference all proceedings paragraphs as if fully set forth here and further allege as follows:

60.  Plaintiff brings this cause of action pursuant of Business & Professions Code 17203 as a representative action PLAINTIFF respectfully requests that the Court award all appropriate remedies provided in the prayer.

61.  California Business & Profession Code 17200 provides that unfair competition shall mean and include "all unlawful unfair or fraudulent business practices and unfair deceptive untrue or misleading advertising.

62.  The acts and practices described in the above paragraphs were and are likely to mislead the general public and therefore constitute unfair business practices within the meaning of California Business & Profession Code 17200/ the acts of untrue and misleading advertising set forth in presiding paragraphs are incorporated by

18

reference and are definition, violations of California Business & Profession Code 17200. This conduct includes, but is not limited to:

   a.  Representing to Plaintiff and the general public that said pharmetical products were safe fit and effective for human consumption, knowing that said representations were false and concealing from the Plaintiff. Plaintiff's physicians and the general public that said products had serious propensity to cause injuries to users.

   b.  Engaging in advertising programs designed to create the image, impression and belief consumers, physicians that use of Baby Aspirin was safe for human use had fewer side effects and adverse reactions than other pain medication, constituted a convenient safe form of pain relief and would not interfere with daily life even though Defendant knew these to be false and even though Defendant had no reasonable grounds to believe them to be true.

   c.  Purposely downplaying and understanding the health hazards and risks associated with Baby Aspirin.

63.  The unlawful, unfair and fraudulent business practices of Defendant described above present a continuing threat to members of the public in that the Defendant continue to engage in conduct described herein.

64.  As a result of their conduct described above Defendant have been and will be unjustly enriched. Specially, Defendants have been unjustly enriched by receipt of hundreds of millions of dollars in ill-gotten gains from the sale and prescription of

19

Complaint

said drugs in California sold in large part as a result of the acts and omission described herein.

65.   Because of the fraudulent misrepresentations made by the Defendant as detailed above and the inherently unfair practice of committing a fraud against the public by intentionally misrepresenting and concealing material information, the acts of the Defendant described herein constitute unfair or fraudulent business practices.

66.   Plaintiff, pursuant California Business & Profession Code 17203 seeks an order of this court compelling the Defendant to provide restitution and to disgorge the moines collected and profits realized by Defendants and each of them as a result of their unfair business practices and injunctive relief calling for Defendants and each of them to cease such unfair business practices in the future.

## TENTH CAUSE OF ACTION

## FALSE ADVERTISING-VIOLATION OF BUSINESS AND

## PROFESSIONS CODE 17500

67.   Plaintiff incorporates and references herein Paragraphs 1 through 78 as fully set forth herein.

68.   Plaintiffs bring this cause of action pursuant to Business & Professional Code 1723 as a representative action or as a class action.

69.   Business & Professional Code 17500 provided that it is unlawful for any person, firm, corporation or association to dispose of property or perform services  to induce

20

the public to enter into any obligation relating thereto, through the use of untrue or misleading statements.

70. At all times herein mentioned Defendants have committed acts of disseminating untrue and misleading statements as defined by Business & Professional Code 17500 by engaging in the following acts and practices with intent to induce members of the public to purchase and use pain medication:

a.  Representing to Plaintiff and the general public that said pharmeticual products were safe fit and effective for human consumption, knowing that said representations were false and concealing from the Plaintiff. Plaintiff's physicians and the general public that said products had serious propensity to cause injuries to users.

b.  Engaging in advertising programs designed to create the image, impression and belief consumers, physicians that use of Baby Aspirin was safe for human use had fewer side effects and adverse reactions than other pain medication, constituted a convenient safe form of pain relief and would not interfere with daily life even though Defendant knew these to be false and even though Defendant had no reasonable grounds to believe them to be true.

c.  Purposely downplaying and understanding the health hazards and risks associated with Baby Aspirin.

d.  Issuing promotional literature deceiving potential users of Baby Aspirin by relaying positive information, including testimonials from satisfied users and manipulating statistics to suggest widespread acceptability while downplaying

21

1   the known adverse and serious health effects and concealing material relevant

2   information regarding the safety for said products.

3

4   71.   The foregoing practices constitute false and misleading advertising within the

5   meaning of California Business & Professional Code 17500.

6

7   72.   The acts of untrue and misleading statements by Defendant described herein above

8   present a continuing threat to members of the public in that the acts alleged herein

9   are continuous and ongoing and the public will continue to suffer the harm alleged

10   herein.

11

12   73.   As a result of their false and misleading statements described above the Defendant

13   has been unjustly enriched. Specifically, the Defendant will be unjustly enriched by

14   hundreds of millions of dollars in ill-gotten gains from the sale and prescription of

15   Baby Aspirin sold in large as a result of the false or misleading statements described

16   herein.

17

18   74.   Pursuant of California Business & Professional Code 17535, Plaintiff seeks an

19   order of this court compelling the Defendant to provide restitution and to disgorge

20   the monies collected and profits realized by Defendant and each of them s a result of

21   their unfair business practices and injunctive relief calling for defendant and each of

22   them to cease such unfair business practices in the future.

23

24   75.   Plaintiff seek the imposition of a constructive trust over, and restitution and

25   disagreement of monies collected and profits realized by Defendants and each of

26   them to cease such false and misleading advertising in the future.

27

28
                                          22

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS &PROFESSIONS CODE §§ *17500 en seq*

76.   Plaintiff reallages and incorporates herein by reference the foregoing paragraphs of this complaint and further states as follows.

77.   Plaintiff is informed and believes and theron allege that Defendant acts and misconduct alleged herein, violated the Consumers Legal Remedies Act, California Civil Code 1750 ET. Seq. ("CLRA").

78.   Plaintiff hereby seeks injunctive relief as appropriate against Defendant for their violations against California Civil Code 1750 et sq. The CLRA applies to Defendants' actions and conduct described herein because it extends to transactions which are intended to result or which have already resulted in the sell of goods to consumers.

79.   Plaintiff is a "consumers" within the meaning of California Civil Code 1761(d).

80.   A defendant have violated and continues to violate CLRA in representing that goods have characteristics and benefits which they do not have in violation of California Civil Code 1750(a) (b).

81.   At all times herein alleging Defendants have committed acts of disseminating untrue and misleading statements as defined by California Civil Code 1770 in the following acts and practices with intent to induce members of the public to purchase and use Baby Aspirin.

23

Complaint

a. Representing to Plaintiff and general public that Baby Aspirin was safe, fit and effective for human consumption and that Baby Aspirin was just a safe and effective as other medications, knowing said that the representations were false and concealing from Plaintiff and the general public; Baby Aspirin had an increased propensity to cause injuries to users.

b. Engaging in advertising programs designed to create the images, impression and belief by consumers and physicians that he use of Baby Aspirin was safe, even though the Defendant knew these representations were to be false and defendants had no reasonable ground to believe them to be true.

c. Purposely downplaying and understanding the health hazards and risks associated with Baby Aspirin.

d. Issuing promotional literature deceiving potential users of Baby Aspirin by relaying positive information, including testimonials from satisfied users and manipulating statistics to suggest widespread acceptability while downplaying the known adverse and serious health effects and concealing material relevant information regarding the safety for said products.

82. The foregoing practices constitute false and misleading advertising and representations within the meaning of California Civil Code 1770. The acts of untrue and misleading statements by Defendant described herein present a continuing threat to members of the public and individual consumers in that the acts alleged herein are continuous and ongoing and the public and individual consumers will continue to suffer harm as alleged herein.

24

83.  Unless Defendant are enjoined from continuing to engage these violations of the
CLRA, Plaintiff will continue to be harmed by the wrongful actions.

84.  Pursuant to of California Civil Code 1780, Plaintiff seeks an order of this court
order for injunctive relief calling for Defendant to cease such deceptive business
practices in the future.

## TWELVETH CAUSE OF ACTION

## PUNITIVE DAMAGES

85.  Plaintiff incorporates and references all preceding paragraphs as if fully set forth
and further allege as follows:

86.  Defendant acted with intentional and reckless indifference to Plaintiff's safety and
well being. Defendant misled both the medical community and public at large
including the Plaintiff by making false and misleading representations about the
safety of Baby Aspirin. Defendants understand and/or disregarded their knowledge
of the serious and permanent adverse effects associated with the use of Baby Aspirin
despite available information demonstrating that their product was likely to cause
serious and sometimes fatal side effects to user like Plaintiff.

87.  Defendant should have been in possession of evidence demonstrating that Baby
Aspirin caused serious adverse reactions. Nevertheless, the defendant continued to
market Baby Aspirin by providing false and misleading information as to the safety
of the product.

25

88.   Accordingly, punitive damages are warranted and should be awarded to the

Plaintiff determined at trial.

89.   As a direct and proximate result of the aforementioned actions and inactions of the

defendant, plaintiff has suffered injuries, damages, loss and harm alleged in this

complaint.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against Defendant BAYER, A.G.:

CORPORATION, a wholly owned subsidiary of BAYER A.G; DOES 1 through

100 jointly and severely and as appropriate to each causes action alleged and as

appropriate to the particular standing of Plaintiff as follows:

1.   Past and future general damages, the exact amount of which has yet to be

ascertained, in an amount which will conform to proof at time of trial;

2.   Pasta and future economic and special damages according to proof at the time of

trial;

3.   Loss of earnings and impaired earning capacity according to proof at the time of

trial;

26

4.   Medical expenses, past and future according to proof at the time of trial;

5.   For past and future mental and emotional distress, according to proof;

6.   Punitive or exemplary damages according to proof at the time of trial;

7.   Restitution and other equitable relief;

8.   Attorney's fees;

9.   Fort cost of suit incurred herein;

10. For pre-judgment interest as provided by law and

11. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by his undersigned counsel, hereby demands a jury trial on all counts in this Complaint.

27

Complaint

1
2
3
4
5   Dated:   8/7, 2014
6
    By: _____
7           Ilana Doust
            Attorney for Plaintiff
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Ilana Doust, ESQ (BN 250270)
(310)927-5173

TELEPHONE NO.:  _____   FAX NO.:-  _____
ATTORNEY FOR *(Name)*: Breeona Steen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Central.
BRANCH NAME:

CASE NAME:

**FILED**
Superior Court of California
County of Los Angeles

AUG 0 8 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: **BC 5 5 4 3 0 5** |
|---|---|---|---|---|
| ✔ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
✔ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ✔ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ✔ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is   ✔ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Ilana Doust  8, 7, 2014

Ilana Doust
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability (*not asbestos or
   toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (*not civil
   harassment*) (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract (*not unlawful detainer
         or wrongful eviction*)
   Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage (*not provisionally
   complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (*arising from provisionally complex
   case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment (*non-
      domestic relations*)
   Sister State Judgment
   Administrative Agency Award
      (*not unpaid taxes*)
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
   above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-
      harassment*)
   Mechanics Lien
   Other Commercial Complaint
      Case (*non-tort/non-complex*)
   Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (*not specified
   above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

| SHORT TITLE: Breeona Steen vs. Bayer ET AL | CASE NUMBER |
|---|---|
| | BC554305 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ● YES   CLASS ACTION? ○ YES   LIMITED CASE? ○ YES   TIME ESTIMATED FOR TRIAL 15 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location where defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☑ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM  
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☑3. ☑4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>5672   E. 72. st.<br>LA. Ca. 90043 |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90043 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ courthouse in the _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 8, 7, 2014

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.



Express



FedEx carbon-neutral
envelope shipping

ORIGIN ID:CCDA  (310) 927-5173
ILANA DOUST, ESQ
468 N CAMDEN DR
280
BEVERLY HILLS, CA 90210
UNITED STATES US

SHIP DATE: 01AUG15
ACTWGT: 0.50 LB
CAD: 6895292/SSF01601

BILL CREDIT CARD

TO
CORPORATION SERVICE CENTER
2710 GATEWAY OAKS DR STE 150N

SACRAMENTO CA 95833

(310) 927-5173          REF:
THU!
PO!                    DEPT!

**FedEx**
Express

**E**

REL#
3785346

TUE – 04 AUG AA
** 2DAY **

TRK#  7810 7894 2310
0201

**SH SMFA**

95833
CA-US   SMF

**reusable**

RT337   1   B
FZ   16:30   2310
08.04